IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD VICTOR SEVILLA,

    Plaintiff,                               CV F 06 0172 OWW WMW  P

  vs.                                         ORDER RE MOTION (DOC 5)

DARREL ADAMS, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se.  Pending before the court is Plaintiff's motion for a change of venue.

Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at the California Substance Abuse Treatment Facility at Corcoran.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).   The

1  claims arose in Kings County, which is in the Easter District of California.  Therefore, plaintiff's
2  claims have been filed in the proper court.  Local Rule 3-120(d).
3         Plaintiff seeks to have this action transferred on the ground that an earlier action
4  alleging the same conduct was dismissed for failure to exhaust available administrative remedies
5  prior to filing suit.  Sevilla v. Adams, CV F 01 6164 OWW WMW P.  Plaintiff refers to 28
6  U.S.C. § 455, and contends that because the Court dismissed his earlier action, it is biased.
7         The substantive standard for recusal, whether sought under 28 U.S.C. §144 or
8  §455, is the same: "[W]hether a reasonable person with knowledge of all the facts would
9  conclude that the judge's impartiality might reasonably be questioned." United States v.
10 Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934,
11 939 (9th Cir. 1986) (quotation omitted).  The alleged bias must stem from and "extrajudicial
12 source." Liteky v. United States, 510 U.S. 540 (1994).  "[J]udicial rulings alone almost never
13 constitute a valid basis for a bias or partiality motion." Id. at 555; Poland v. Stewart, 92 F.3d 881
14 (9th Cir. 1996).  "[O]pinions formed by the judge on the basis of facts introduced or events
15 occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis
16 for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that
17 would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir.
18 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a
19 basis for motions to disqualify).
20         Plaintiff's sole ground for transfer is a prior judicial ruling.  As noted, such a
21 ruling is not a basis for recusal.   This action is properly before this Court.
22         Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a change of
23 venue is denied.

1  IT IS SO ORDERED.

2  **Dated:**   **January 18, 2007**          /s/  **William M. Wunderlich**
   j14hj0                          UNITED STATES MAGISTRATE JUDGE