IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VICTOR SEVILLA,<br><br>  Plaintiff,<br>vs.<br><br>DERRAL ADAMS, et al.,<br><br>  Defendants. | CV F O6 0172 LJO WMW PC<br><br>FINDINGS AND RECOMMENDATION RE MOTIONS FOR INJUNCTIVE RELIEF (DOCS 37, 39, 40) |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for a temporary restraining order and for preliminary injunctive relief.

This action proceeds on the January 11, 2007, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatmeant Facility (SATF), brings that action against Defendant CDCR officials at SATF.

The third amended complaint states a claim for relief against Defendants Bhatt, Friedman and Gonzales for deliberate indifference to Plaintiff's serious medical needs. Plaintiff has been granted leave to file a fourth amended complaint. Plaintiff's allegations of retaliation in the third amended complaint fail to state a claim for relief, and Plaintiff fails to state a claim for deliberate

indifference against the remaining medical and administrative Defendants.

In his requests for preliminary injunctive relief, Plaintiff indicates that he was assaulted by another inmate while at Pleasant Valley State Prison. Plaintiff advised correctional officials at Pleasant Valley of his fears of further harm. Plaintiff told correctional officials that he should not be transferred back to SATF because of the danger there. Plaintiff did not specify any particular individuals who would cause him harm, and did not articulate a specific threat. Plaintiff also seeks an order directing "defendants" to provide him with certain prescription medication.

The purpose of a preliminary injunction is to preserve the status quo of the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor." Arcamuzi v. Continental Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972).

As to Plaintiff's allegations of danger, there are no claims or allegations in the operative

pleading regarding a failure to protect.  Plaintiff sets forth claims of deliberate indifference to his medical care and retaliation.  The retaliation claim has been dismissed with leave to amend.  Regarding the medical care claim, the allegations that state a claim for relief relate to a refusal to treat and a deliberate prescription of a medication in order to harm Plaintiff.  As noted the order granting leave to file a fourth amended complaint, other than a single instance with Dr. Bhatt and Dr. Friedman, Plaintiff does not allege facts indicating that any of the numerous defendants specifically knew of and disregarded a serious risk to Plaintiff's health.  The request for injunctive relief does not refer to Dr. Bhatt, Dr. Friedman or Dr. Gonzales.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's requests for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 10, 2008**             /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE