# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VICTOR SEVILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>DERRAL ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00172-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 69 and 70)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

  Plaintiff Ronald Victor Sevilla, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 16, 2006. On August 2, 2010, Plaintiff filed a motion seeking an order requiring prison officials at High Desert State Prison to provide Plaintiff with proper medical care and to transfer Plaintiff to a facility where his medical needs can be addressed.[1]

  "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. <u>Id.</u> at 376

---

[1] Although not received and filed until August 13, 2010, Plaintiff's August 2 motion was accompanied by a separate memorandum of points and authorities. (Doc. 70.)

1

(citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The claims at issue in this action arise from events which occurred when Plaintiff was housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran.[2] Plaintiff is currently housed at High Desert State Prison in Susanville, and the order sought is aimed at remedying his current conditions of confinement at that prison. The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events at SATF giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).

Accordingly, because the Court lacks jurisdiction to issue the order sought, the Court HEREBY RECOMMENDS Plaintiff's motion for a preliminary injunction, filed August 2, 2010, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

---

[2] In a separate Findings and Recommendations, the undersigned recommended that this action proceed against Defendants Bradish, Roscoe, Gonzales, and Bhatt on Plaintiff's Eighth Amendment medical care claim.

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 7, 2010**                     /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE