# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VICTOR SEVILLA, | CASE NO. 1:06-cv-00172-LJO-SKO PC |
| Plaintiff, | ORDER GRANTING ATTORNEY WILLIAM L. SCHMIDT TWENTY DAYS WITHIN WHICH TO SUBMIT A REQUEST FOR COST REIMBURSEMENT, IF ANY, AND RELIEVING MR. SCHMIDT AS COUNSEL OF RECORD FOR PLAINTIFF |
| v. | |
| DERRAL ADAMS, et al., | |
| Defendants. | (Docs. 75 and 79) |

Plaintiff Ronald Victor Sevilla, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 16, 2006. Pursuant to the Court's order of December 3, 2010, this action is proceeding on Plaintiff's fifth amended complaint, filed May 18, 2009, against Defendants Bradish, Roscoe, Gonzales, and Bhatt on Plaintiff's Eighth Amendment medical care claims, but service of process has not been initiated.[1]

Based on Plaintiff's allegation that he sustained permanent, life-threatening blood damage as a result of quinine poisoning, the Court determined that this case was appropriate for referral to the Court's Pro Bono Program and on February 16, 2011, William L. Schmidt was appointed to represent Plaintiff. By that time, it appeared that Plaintiff had passed away and Mr. Schmidt was directed to file a status report within ninety days regarding further proceedings. Subsequently, on

---

[1] Plaintiff claims that Defendants Bradish and Roscoe stole his prescription medication, leaving him without pain relievers and muscle relaxants for more than one year. Plaintiff also claims that Defendants Gonzalez and Bhatt caused him permanent, life-threatening blood damage by improperly prescribing quinine for an extended period of time, causing quinine poisoning and, ultimately, leukemia.

1

April 5, 2011, Mr. Schmidt's motion for limited discovery was granted so that the status of Plaintiff's estate and other related matters could be investigated. Mr. Schmidt filed a status report on July 5, 2011.

In the status report, Mr. Schmidt states that he located Plaintiff's ex-wife, who maintained no contact with Plaintiff and was not aware of this lawsuit, and Plaintiff's son, who is an inmate himself and who has not contact with Plaintiff for many years. Mr. Schmidt also obtained the autopsy report, which states that Plaintiff died of upper gastrointestinal hemorrhage, caused by esophageal varices due to cirrhosis of the liver due to Hepatitis C. Mr. Schmidt had toxicology tests performed on the available blood samples and the results did not show a toxicologically significant concentration of quinine in Plaintiff's blood. Given his appointment by the Court, Mr. Schmidt feels he is not in the position to determine whether this matter should proceed. He, therefore, requests the appointment of a guardian ad litem to represent Plaintiff's son, whose incarceration hampers his ability to make decisions and for whom there exists a conflict of interest in determining whether this action should be pursued in light of his position as sole heir and the one who would benefit from recovery, if any.

Plaintiff did not have a constitutional right to the appointment of counsel in this action, Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), it does so only if exceptional circumstances exist, Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making that determination, the Court evaluated, to the *very* limited extent possible given the stage of the proceedings, the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In this case, the seriousness of Plaintiff's claim that he sustained permanent, life-threatening damage to his blood cells as a result of quinine poisoning was the motivating factor in the appointment of counsel for Plaintiff. Plaintiff's death did not factor in, as the decision to seek

1  counsel was made prior to the receipt of information that Plaintiff may have passed away. Upon
2  receipt of that information, the Court determined that it was in the interest of justice to continue with
3  the appointment of counsel to investigate the situation and ascertain the status of Plaintiff's estate.

4      The Court is buried under a veritable flood of civil rights cases filed by prisoners, and in the
5  vast majority of those cases, the plaintiffs seek the appointment of voluntary counsel, often
6  repeatedly. The Court has a very limited ability to appoint counsel and it must take great care in
7  determining which cases receive counsel given the sheer volume of cases and the limited number
8  of attorneys available for appointment.

9      Based on Mr. Schmidt's findings, the Court has determined that it cannot justify the
10 continued use of its scarce resources to pursue this matter any further. Again, the Court found that
11 the appointment of counsel was warranted in particular because of the potential merit of Plaintiff's
12 quinine poisoning claim, which allegedly led to Plaintiff suffering from leukemia. Neither the
13 autopsy report nor the lab work suggests this claim has the potential merit the Court originally
14 thought it might, and given that information, further expenditure of the Court's very limited
15 resources to pursue this matter is not warranted.

16     Therefore, the Court declines to appoint a guardian ad litem to represent Plaintiff's son and
17 it HEREBY ORDERS that:

18     1.    Within **twenty (20) days**, Mr. Schmidt may submit a request for reimbursement of
19         costs pursuant to General Order 230;[2] and

20     2.    Mr. Schmidt is relieved as counsel of record for Plaintiff.

22 IT IS SO ORDERED.

23 **Dated:   July 8, 2011**          /s/ **Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] General Order 230, filed May 17, 1988, provides for the reimbursement of cost expenditures on a case-by-case basis.