# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VICTOR SEVILLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL ADAMS, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:06-cv-00172-LJO-SKO PC<br><br>ORDER DISMISSING ACTION BASED ON PLAINTIFF'S INABILITY TO PROSECUTE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AGAINST PLAINTIFF<br><br>(Docs. 79 and 80) |

　　　Plaintiff Ronald Victor Sevilla, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 16, 2006. On September 8, 2010, the Court referred this case to the Eastern District's Pro Bono Program for the appointment of counsel to represent Plaintiff. Plaintiff passed away around that time and based on the seriousness of Plaintiff's allegations, the Court determined that counsel should proceed with evaluating the case and determining whether representation of Plaintiff's estate was merited. (Docs. 73, 75.) Counsel conducted an investigation and the Court concluded that continued representation was not appropriate under the circumstances. (Docs. 79, 80.) The Court relieved counsel of his appointment on July 11, 2011, and granted his request for reimbursement of expenses incurred on July 12, 2011. (Docs. 80, 81.) Dismissal based on Plaintiff's inability to prosecute is now appropriate. Fed. R. Civ. P. 41(b).

　　　"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

It is impossible for Plaintiff to prosecute this action in light of his death and while the Court considered the option of continuing the appointment of counsel to represent Plaintiff's estate, it is simply not merited in this situation. (Doc. 80.) Given that there are no other reasonable alternatives available, <u>see</u> <u>Carey</u>, 856 F.2d at 1441, this action is HEREBY DISMISSED based on Plaintiff's inability to prosecute, Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

**Dated:   July 15, 2011**                    /s/ Lawrence J. O'Neill
                                                             UNITED STATES DISTRICT JUDGE